UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSI P. TALEYARKHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14 CV 48 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

**I.     BACKGROUND**

Plaintiff Rusi P. Taleyarkhan is a scientist and professor at Purdue University. He claims that, in 2002, he led a team of scientific researchers in the discovery of sonofusion (often referred to as "bubblefusion"). (DE # 13 ¶ 1.) Plaintiff was awarded grants by the Office of Naval Research ("ONR"), a part of the federal government, but in 2007 ONR investigated plaintiff's claims, and in 2009 ONR declared that plaintiff had engaged in research misconduct. (*Id.* at 7, 12.) As a result, ONR temporarily debarred plaintiff from competing for and receiving any federal grants. (*Id.* at 8.) According to plaintiff, ONR's finding also caused defamation, emotional distress, reputational harm, loss of his chair professorship at Purdue, and loss of salary at Purdue. (*Id.* at 3-4, 7, 11-12, 16-17.)[1]

---

[1] Plaintiff's claims against Purdue were the subject of a separate lawsuit, *Taleyarkhan v. Purdue University*, 4:10-CV-39-JTM, which recently concluded with this court granting summary judgment for Purdue.

In 2012, plaintiff received a redacted version of ONR's report of its investigation into plaintiff's research. (DE # 17 at 2.) In 2013, he received an unredacted version. (*Id*.) In September of 2013, plaintiff filed a claim with the Department of the Navy challenging its decision and alleging wrongdoing. (DE # 13 at 12.) After an appeal, the Navy issued its final denial in January of 2014. (DE # 17 at 3.) Plaintiff filed the present lawsuit against the United States on June 9, 2014, alleging three claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*.: defamation, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). (DE ## 1, 13.)

The United States has moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), primarily due to the statute of limitations, secondarily on grounds of immunity. (DE # 14.) Plaintiff has responded, and the United States replied. (DE ## 17, 18.) The motion is ripe for ruling.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint that fails to state a claim for which relief may be granted. When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings drafted by lawyers," a *pro se* plaintiff "can plead himself out of court." *Henderson v.*

2

*Sheahan,* 196 F.3d 839, 845 (7th Cir. 1999); *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006).

**III.     DISCUSSION**

The United States's primary argument is that plaintiff's claims are untimely. Under the FTCA's statute of limitations, a plaintiff's failure to satisfy either of two preconditions to suit will result in a tort claim against the federal government being "forever barred": (1) a plaintiff must present the claim in writing to the appropriate federal agency within two years after such claim accrues; and (2) a plaintiff must bring the action within six months after the date of mailing of a notice of final denial of the claim by the agency to which it was presented. *See* 28 U.S.C. § 2401.

Plaintiff claims that he met the second condition, so he satisfied the statute and his suit is timely. He emphasizes the fact that the statute uses the word "or" between the conditions. (DE # 17 at 2.) However, plaintiff misinterprets the statute. It is not that satisfaction of one or the other condition makes his claim timely; rather it is that failure to satisfy one or the other condition makes his claim "forever barred." *Miller v. United States,* 741 F.2d 148, 150 (7th Cir. 1984) ("The [FTCA's] statute of limitations imposes two time constraints on the filing of tort claims against the United States. First, a claimant must present a claim to the appropriate federal agency within two years of the date of its accrual. Second, a plaintiff must file a legal action, if at all, no more than six months after the federal agency mails its notice of final denial of the claim.").

Neither party disputes that the second condition was satisfied. However, the United States claims that plaintiff failed to satisfy the first condition because he did not present his claim to the appropriate federal agency within two years after his claim accrued. Federal law determines when an FTCA claim accrues. *Stoleson v. United States,* 629 F.2d 1265, 1268 (7th Cir. 1980). The FTCA contains a section specific to accrual, which explains that: "[a]n FTCA claim accrues when: (A) an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; or (B) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry." *Arroyo v. United States,* 656 F.3d 663, 669 (7th Cir. 2011).

The *Arroyo* test is phrased in the alternative (meaning, satisfaction of either condition triggers accrual), but it is beyond question in this case that both conditions were satisfied in 2009 at the latest. At that point, plaintiff knew that ONR had decided that plaintiff engaged in research misconduct. According to plaintiff's own complaint, it was this finding that caused a domino effect of negative consequences for plaintiff, including defamation, emotional distress, reputational harm, the loss of his chair professorship at Purdue, the loss of salary at Purdue, and the temporary loss of the ability to compete for or receive federal grants and contracts. (DE # 13 at 3-4, 7, 11-12, 16-17.) Any reasonable person in plaintiff's position would have known, and it is obvious that plaintiff did know, that a governmental act caused what he claims was the severe emotional distress underlying both his IIED and his NIED claims and the allegedly defamatory statements underlying his defamation claim. This is not a case

where plaintiff knew he was injured, but was not completely sure that the government was to blame. Plaintiff clearly knew that ONR was the entity declaring that he had engaged in research misconduct, and any reasonable person would have known as well.

Plaintiff does not actually dispute that he knew that ONR was responsible for his alleged suffering. Rather, plaintiff argues that, until he saw the full report in 2012, he "did not know my suffering was due to and arose out of *wrongful tortious* action of the Navy." (DE # 17 at 2, emphasis added.) However, the Seventh Circuit has clearly stated that "accrual of an individual's FTCA claim is not postponed until the individual obtains complete knowledge of the cause of his injury. . . . An individual does not need to have reason to believe that the relevant governmental conduct was negligent; mere knowledge of the potential existence of a governmental cause is sufficient to start the clock ticking." *Arroyo,* 656 F.3d at 669. In other words, a plaintiff does not need reason to suspect the government may have acted improperly, only that the government may have acted, in order for his claim to begin accruing. In this case, plaintiff plainly had knowledge of the existence of a governmental cause of the allegedly defamatory statements and his alleged emotional distress in 2009 when the ONR issued its findings of misconduct and debarred plaintiff. (*See* DE # 13 at 7, 12.) At that point, the clock started ticking, and the time for presenting a claim based on that alleged government harm expired two years later, in 2011. 28 U.S.C. § 2401.

Accordingly, the claim plaintiff filed with the Department of the Navy in 2013 was untimely, and his present claims are barred.

Though the court dismisses all of plaintiff's claims as untimely, it also notes that the United States is correct that it is immune from defamation claims under the FTCA. 28 U.S.C. § 2680(h); *Apampa v. Layng,* 157 F.3d 1103, 1104 (7th Cir. 1998). Accordingly, even if plaintiff's claims were timely, the court would dismiss plaintiff's defamation claim for this reason.

## IV. CONCLUSION

For the foregoing reasons, the United States's motion to dismiss (DE # 14) is **GRANTED** and this case is **DISMISSED**.

**SO ORDERED.**

Date: August 10, 2015

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT