UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| RUSI P. TALEYARKHAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14 CV 48 |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

On August 10, 2015, this court granted defendant's motion to dismiss plaintiff's complaint because his claims were untimely. (DE # 19.) Plaintiff now asks the court to reconsider that decision and permit him to amend his complaint. (DE # 21.)

Strictly speaking, a "motion for reconsideration" does not exist under the Federal Rules of Civil Procedure. *Hope v. United States,* 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see also Talano v. Nw. Med. Faculty Found., Inc.,* 273 F.3d 757, 760 n. 1 (7th Cir. 2001). However, this type of motion is frequently entertained when it is "a request that the court reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). Nonetheless, the Seventh Circuit Court of Appeals has stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

*Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995); *see also Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Elec. Co.,* 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995). In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *First Nat'l Bank in Manitowoc v. Cincinnati Ins. Co.,* 321 F. Supp. 2d 988, 992 (E.D. Wis. 2004).

Plaintiff's motion for reconsideration presents no new legal arguments, demonstrates no change in the law, and points to no aspect of the case which was overlooked. Rather, plaintiff's motion for reconsideration is a reiteration of the same arguments plaintiff made in response to defendant's motion to dismiss (namely, that plaintiff did not actually know that defendant had wronged him until 2012). The court addressed this issue thoroughly and squarely in its order dated August 10, 2015. (DE # 19.) Though the court need not repeat itself here, for plaintiff's benefit the court reiterates that the applicable test regarding accrual of a Federal Tort Claims Act, stemming from *Arroyo v. United States,* 656 F.3d 663 (7th Cir. 2011), indicates that accrual occurs *either* when an individual has knowledge that a governmental act may have caused his injury *or* when a reasonable person would have known enough to prompt a deeper inquiry. *Id.* at 669. As explained in the court's August 10, 2015, order, it is clear from plaintiff's own pleadings that in 2009, plaintiff did in fact know that a

governmental act may have caused his alleged injuries. (DE # 19 at 4-5.) However, as the court previously stated, even if plaintiff did not actually know that a governmental act may have caused his injury in 2009, a reasonable person certainly would have known enough at that time to prompt a deeper inquiry. (*Id.* at 4-5.)

In short, the court sees no "extraordinary circumstances" to justify allowing plaintiff "a second bite at the apple." *First Nat'l Bank,* 321 F. Supp. 2d at 992. Plaintiff's motion for reconsideration and to amend his complaint (DE # 21) is **DENIED.**

**SO ORDERED.**

Date: April 19, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT